### STRONG and DELANO *vs.* DANIEL WOOSTER.

Where a creditor, having two demands against his debtor, holds a note executed by a third person as a security for one demand, and a pledge of property as security for the whole, if he sells the pledge for enough to pay both demands, it will be a satisfaction of both.

Where the creditor promised the surety that he would on the sale reserve enough to pay both demands, it was held, that if he sold the property for sufficient to satisfy both demands, and paid the avails, except enough to satisfy the demand not secured by the note, to the debtor, that he could not recover on the note.

This was an action of assumpsit on note. Plea, general issue to the court. On the trial, the following facts appeared:

In September, 1831, one Joseph Gillman owned a certain lease-lot in Walden, of which James Bell held the lease to secure a debt of over one hundred dollars. By agreement with

CALEDONIA,
*March,*
1834.

Strong & Delano
*vs.*
Wooster.

the plaintiffs, they took the lease to themselves to secure one hundred dollars which they paid said Bell, and at the same time agreed so to do if Gilman would procure a good note to secure them thirty-six dollars rent, then due on said land, which they must pay to hold the same. And Gilman procured the defendant to give the note now sued, and James Bell gave the defendant his written indemnity for so doing. Gilman delivered the note to the plaintiffs, who paid the rent, and took a lease to themselves, agreeing with Gilman to hold in trust for him, and he to have all the land sold for over paying the plaintiffs. In the winter following, the plaintiffs were informed that Bell was surety to Wooster, who signed this note ; and on request of Bell, the plaintiffs promised him when the land should be sold, to reserve out of the purchase money this note of defendant. On the 21st of March, 1832, plaintiffs, by consent of Gilman, sold the land to one Winslow Dow, and took his notes for $250, and settled with Gilman, and paid him as a balance due him between forty and fifty dollars, mostly in goods, not settling this note or giving notice to the defendant or Bell that the same was not settled. And the said Gilman immediately after removed into Canada, where he still resides.

Upon these facts, the court rendered judgment for the defendant. Exceptions were taken by plaintiffs, which were allowed and certified.

*Paddock for plaintiff.*—It does not appear that plaintiffs procured or requested Wooster to give the note, nor had any knowledge of its having been executed, until brought to them.

It appears that the only relation in which Strong and Delano stood to the parties was, that of trustee to *Gilman.*

If they held in trust the estate when the same was sold, they were bound by law and equity to account with Gilman.

They were bound to pay Gilman all the avails of the farm, except what Gilman owed them when they took the lease.

What then is the defendant's claim, and what his defence ? He executed a note to the plaintiffs, for the doing of which he says he received a valuable consideration; and we learn the consideration was, Mr. Bell's indemnity.

Upon what ground then does his defence rest ? His plea is *non-assumpsit,* and the consideration both *legal* and *moral.* Has his consideration failed ? If so, it concerns the defendant, and not the plaintiffs.

CALEDONIA,
March,
1834.

Strong &Delano
vs.
Wooster.

Defendant cannot avoid the note upon any plea but that of payment—there has been no payment—the avails of the land the plaintiffs could not control beyond their own.debt. In what way could they legally hold back enough to pay Bell, without the concurrence of Gilman ?

Defendant can take no advantage of the promise made by Delano to Bell.

1. Strong was not bound by it; that promise could not be a partnership transaction, even if Delano did not bind himself.

2. There was no consideration for the promise.

3. It was not an original undertaking on the part of Delano, but collateral ; it was a debt in existence against Wooster, and the promise was, to do a substantive act which should discharge it, and therefore should have been in writing.

*Mr. Fletcher contra.*—1. The defendant contends that the lease and the note constituted a trust fund for the purpose of securing a debt of $100 and $36 rent.

2. The note was but collateral to the lease, and if the lands were productive of the fund to be raised, the note became unproductive.

3. The plaintiffs were informed that Bell was surety to defendant for the amount of said note, and the plaintiffs promised said Bell upon the sale of the land to receive the amount of the note out of the purchase money.

4. That by consent of Gilman the plaintiff sold the land without notice to Bell for more than the amount of the $136, to wit, for $250—and settled with Gilman for balance, without notice or consent of Bell or defendant, and Gilman left the country.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It appears in this case, that one Gilman was indebted to Mr. Bell in the sum of one hundred dollars, for which Mr. Bell held a certain lease as security, that Gilman owed on the lease thirty-six dollars back rent. To render this lease available, as a security for the one hundred dollars, Mr. Bell must have paid the rents due thereon ; when he paid it, his debt would have been increased to one hundred and thirty-six dollars, and the lease would have been in his hands, security therefor. The plaintiffs undertook to pay the one hundred dollars to Mr. Bell and hold the lease as security, and on a

CALEDONIA,
March,
1834.

Strong &Delano
vs.
Wooster

transfer from him, they would have been in the same situation, both as to the one hundred dollars, and the sum to be paid for rent. They however insisted on further security for the rent. The defendant, on the procurement, and at the request of Gilman, but on an indemnity from Mr. Bell, signed the note in question, and thereupon the plaintiffs paid the rents. The note, however, was only as a security or collateral security, for the sum thus paid. The rents which they paid, were a claim against Gilman, and if the note had proved uncollectable or unavailable, in consequence of the insolvency of Wooster, they might have resorted to Gilman and held him reponsible therefor, and at any rate they might have held the lease as security, until the same was paid. It appears that the plaintiffs then agreed with Gilman to hold the land in trust for him, and to pay him whatever the land sold for after paying themselves. It is not stated that they were to pay him whatever the land sold for, over the hundred dollars. Such a contract would have been unjust at least, and could not have been made without the consent of the defendant, or of Mr. Bell, if the fact of his having given an indemnity to the defendant, was known to the plaintiffs. The inquiry will here present itself, for whose debt did the plaintiffs pay the one hundred dollars and the thirty-six dollars? There can be no doubt it was for Gilman's debt, and the security which the plaintiffs held in the lease, would have been unproductive and unavailing, unless they had paid the thirty-six dollars. The defendant signed the note of thirty-six dollars, as security to the plaintiffs for the repayment of thirty-six dollars, due from Gilman, thereby increasing the security of the plaintiffs. It is not found that Gilman placed any funds in the hands of Wooster, for the payment of the note, but on the contrary, that it was executed on Mr. Bell's indemnity. Both of these sums being chargeable on the land, both being the proper debts of Gilman, Wooster or Bell being only security to the plaintiffs, that the thirty-six dollars should be paid, it follows, that whenever the plaintiffs sold the land, they should apply the avails in satisfaction of both debts, and if they had not collected the note of Wooster when they did sell, they not only were at liberty, but bound in good faith, to apply the avails in payment, not only of the sum of one hundred dollars, but also of the thirty-six dollars, if there was more than enough to satisfy the first sum; and they could not consistently with their duty, pay anything to Gilman, while this note remained unpaid.

CALEDONIA,
March,
1834.

Strong & Delano
vs.
Wooster.

In another view which may be taken of this case, it is also clearly with the defendant. After all these transactions, and after the contract between plaintiffs and Gilman, Mr. Bell disclosed to them the situation in which he stood, both to Gilman and Wooster; that though Wooster was nominally surety for Gilman, he, Mr. Bell, was so in fact. They recognized him as such, and on his request, they promised that when the land was sold, they would reserve out of the purchase money the amount of this note now in suit. The plaintiffs then knew the situation in which they stood with Gilman, how far they were at liberty to make this promise and dispose of this fund thus placed in their hands, or whether they were restrained from making any such promises in consequence of any positive contract with Gilman. They also knew the situation of Mr. Bell, and with this knowledge made the promise on which Mr. Bell might and would rely. This was effectually making the surety easy as to the eventual security of his demand, and preventing him from taking any further or other measures to obtain security of Gilman, if he was satisfied the property was sufficient for the purpose. Whatever might have been the obligation of the plaintiffs before, they could not after this promise, consistent with the duty which the law considers as incumbent on a creditor in his transactions and dealings with his debtor, and the surety of his debtor, either give up the land to Gilman or pay him the avails, without retaining sufficient to pay the debt. And if they conceived themselves in danger of getting into any difficulty or controversy with Gilman, they ought at least to have given notice to Mr. Bell, and if he would have indemnified them against the claims of Gilman on them, which I apprehend he could very successfully have resisted, the plaintiffs would not have been justified in paying the balance to Gilman. Having paid over this money to Gilman, which was more than sufficient to pay his note, and without giving any such notice as they were under obligation to do, both from their relation to him and defendant as creditor and surety, as well as from their positive engagement to Mr. Bell, they cannot call on this defendant for payment of this note. The judgment of the county court is therefore affirmed.